IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2019

## COURTNEY MEANS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 03-05193    J. Robert Carter Jr., Judge
_____

#### No. W2018-01902-CCA-R3-HC
_____

A Shelby County jury convicted the Petitioner, Courtney Means, of three counts of aggravated robbery involving multiple victims, and the trial court sentenced him to an effective twenty-four-year sentence.  This court affirmed his convictions and sentence. *State v. Courtney Means*, W2005-00682-CCA-R3-CD, 2006 WL 709206, at *1 (Tenn. Crim. App., at Jackson, Mar. 21, 2006), *perm. app. denied* (Tenn. Sept. 5, 2006).  The Petitioner unsuccessfully filed a petition for post-conviction relief and a Tennessee Rule of Criminal Procedure 36.1 motion for relief from an illegal sentence.  The Petitioner then filed a petition for a writ of habeas corpus alleging that his judgments are void because the court lacked authority to sentence him.  After review, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

Josie S. Holland, Memphis, Tennessee, for the appellant, Courtney Means.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**
**A.  Procedural History**

This case arises from the Petitioner's robbing several elderly people over a period of multiple years.  In case numbers 03-015190, 03-015192, and 03-015194, a Shelby County jury convicted the Petitioner of eight counts of aggravated robbery involving

three separate incidents and four victims and occurring on December 18 and 22, 2002 ("2002 convictions"). The trial court merged the convictions for each victim, and then, applying four enhancement factors, sentenced the Petitioner to a total effective sentence of eighteen years for the four remaining convictions. *State v. Courtney Means*, No. M2004-01446-CCA-R3-CD, 2005 WL 1323260, at *1 (Tenn. Crim. App., at Nashville, June 3, 2005), *perm. app. denied* (Tenn. Dec. 5, 2005). This court affirmed the Petitioner's convictions and sentence. In case numbers 03-05193 and 03-05200, a Shelby County jury convicted the Petitioner of three counts of aggravated robbery against three victims, and the trial court sentenced him to an effective twenty-four-year sentence ("2003 convictions"). This court affirmed his convictions and sentence. *Means*, 2006 WL 709206, at *1.

The Petitioner filed a petition for post-conviction relief from his 2002 convictions. *Courtney Means v. State*, No. W2008-01039-CCA-R3-CD, 2010 WL 2490771, at *1 (Tenn. Crim. App., at Jackson, June 21, 2010)*, perm. app. denied* (Tenn. Oct. 20, 2010). The post-conviction court denied the Petitioner's petition, and this court affirmed. *Id.*

The Petitioner filed a petition for a writ of habeas corpus relief in Federal Court challenging his 2002 convictions. *Means v Lester*, No. 11-2646-JPM-tmp, 2013 WL 3992506, at *1 (W.D. Tenn. Aug. 5, 2013), *no perm. app. filed*. The federal district court concluded that the trial court improperly applied two enhancement factors pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and it instructed the State to either reduce the Petitioner's sentence from nine years for each count to eight years for each count, or afford the Petitioner a new sentencing hearing within 180 days of the entry of the order. *Id.* at *16. The State failed to comply with the order, and the Petitioner filed a petition for issuance of an unconditional writ of habeas corpus. *Means v. Phillips*, 136 F. Supp. 3d 872, 892 (W.D. Tenn. 2015). The district court granted the petition and ordered that the Petitioner be released on these sentences. It further ordered that the State was permitted to re-arrest the Petitioner and resentence him for those convictions but that the sentence could not exceed eight years for each conviction. *Id.* at 896. Thereafter, by agreement of the parties, the Petitioner was sentenced to consecutive sentences of 7.2 years for each conviction, for a total effective sentence of 14.4 years.

The Petitioner filed a Tennessee Rule of Criminal Procedure 36.1 motion in which he alleged that his twenty-four-year sentence for his 2003 convictions was illegal. *State v. Courtney Means*, No. W2016-02209-CCA-R3-CD, 2017 WL 2482988, at *1 (Tenn. Crim. App., at Jackson, June, 7, 2017), *no Tenn. R. App. P. 11 application filed*. The trial court denied the motion after a hearing, and this court affirmed. *Id.*

On January 25, 2018, the Petitioner filed the petition for a writ of habeas corpus that is the basis of this appeal. The crux of the Petitioner's argument is that his sentence

is illegal because he was resentenced for his 2002 convictions that had previously served as the basis to enhance his classification for sentencing for his 2003 convictions. He asserts that since he obtained federal habeas corpus relief from his sentences for his 2002 convictions, the sentences for his 2003 convictions are illegal.

On July 25, 2018, the Petitioner filed an amended petition for habeas corpus relief and correction of an illegal sentence. The Petitioner maintained his habeas corpus grounds but additionally contended that his sentence was illegal on the grounds that it was not authorized by statute. The habeas corpus court summarily dismissed the Petitioner's petition and motion to correct an illegal sentence. It is from these judgments that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred: (1) when it summarily dismissed his petition for habeas corpus relief; (2) by summarily dismissing his 36.1 motion; and (3) when it failed to allow the Petitioner to be present at a hearing before summarily dismissing his petition.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2014). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the

introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165.

If, after a review of the habeas petitioner's filings, the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 214 Tenn. 476, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if nothing on the face of the judgment indicates that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

We note first that the Petitioner failed to attach to his petition a copy of the judgments that he challenges. He, therefore, did not follow the mandatory requirements for a habeas corpus petition, which is a sufficient basis for us to affirm the habeas corpus court's summary dismissal.

There is further support for the habeas corpus court's summary dismissal of the Petitioner's petition for habeas corpus relief. The law is settled that, even if the Petitioner were improperly classified when sentenced, he would not be entitled to habeas corpus relief. In *Edwards v. State*, the Tennessee Supreme Court addressed whether a petitioner was entitled to habeas corpus relief if he had been improperly classified as a persistent offender by the trial court for the purposes of sentencing. 269 S.W.3d at 925. In that case, the petitioner had participated in a burglary of a car dealership, and the trial court sentenced him on the burglary conviction as a persistent offender and imposed a Range III, nine-year sentence. Our supreme court held, "After careful consideration we conclude that, even assuming the trial court erroneously classified [the petitioner] as a persistent offender for sentencing, this non-jurisdictional error renders the judgment voidable, not void, and does not entitle [the petitioner] to habeas corpus relief." *Id*. at 915. The court noted that its holding comported with other holdings by our court. *Id*. at 925 n.81. Accordingly, we conclude that the habeas corpus court correctly found that the Petitioner had not presented a cognizable claim for habeas corpus relief and that nothing on the face of the judgments indicated that the convictions were invalid. Further, the Petitioner does not cite any law, nor can we find any, to support his contention that the habeas corpus court erred when it failed to have him present before summarily dismissing his petition.

4

To the extent that the Petitioner cursorily asserts that his sentences are illegal pursuant to Tennessee Rule of Criminal Procedure 36.1, we conclude that this issue is without merit. The Petitioner failed to present a colorable claim that he is entitled to Rule 36.1 relief. Accordingly, we conclude that the Petitioner is not entitled to relief.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE